```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ANGELA M. SPENGLER, | : | |
| | : | |
| Plaintiff | : | No. 1:14-CV-02241 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | : : : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Angela M. Spengler social security disability insurance and supplemental security income benefits. Spengler is represented by counsel.

Under 42 U.S.C. § 405(g) and relevant case law, the court is generally limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence. Chapter 20 of the Local Rules for the Middle District of Pennsylvania establishes the procedural mechanism for deciding challenges to the denial of social security disability and supplemental security income benefits.

On November 23, 2014, an order was issued which, inter alia, directed the Commissioner to file an answer within 60 days of being served with the complaint. On February 25, 2015, the Commissioner appropriately filed a motion to dismiss the complaint

and a brief in support thereof in lieu of the answer and the transcript.  In the motion the Commissioner requests that Spengler's complaint be dismissed because it was untimely filed.  Although Spengler's brief in opposition was due on March 16, 2015, which gave Spengler three extra days for mailing, she has neither filed a brief nor requested an extension of time within which to do so.

  The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner. 42 U.S.C. § 405(g).  According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within 60 days after receipt of the Appeals Council's notice of denial of a request for review.  20 C.F.R. § 422.210 (a), (c) (2009).  The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.  20 C.F.R. § 422.210(c).

  The facts with respect to the present motion are undisputed.  The final decision of the Commissioner was issued on September 16, 2014, and on that date a copy of the decision was mailed to Spengler at her address of record, 43 N. Railroad

Street, 1st Fl., Palmyra, Pennsylvania 17078-1717. Consequently, it was presumed that Spengler received the notice by September 21, 2014. Based on that date, Spengler had until November 20, 2014, to file a civil action in federal court. Spengler, however, did not file her complaint until November 23, 2014, 3 days after the deadline.

There is a procedure under the Social Security regulations for obtaining for good cause an extension of time of the 60-day limitation period by applying to the Appeals Council for such an extension. 20 C.F.R. § 422.210(c). There is no indication that Spengler took advantage of that procedure.

Because it is the Appeals Council which has the authority to equitably toll the limitation period for good cause, it is doubtful that we have any authority in the first instance to do so, i.e., the Appeals Council should be given the first opportunity to address the issue. In any event, in light of the circumstances presented, we do not see any basis for equitable tolling by us. Spengler has not contested the fact that her complaint was untimely filed. Consequently, we will dismiss Spengler's complaint without prejudice to any right she may have

to seek an extension of time from the Appeals Council.

An appropriate order follows.


     S/ Yvette Kane
Yvette Kane
United States District Judge


Date: June 29, 2015